UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-03986 BRO (VBKx) | Date | August 10, 2016 |
|---|---|---|---|
| Title | CELIO ALONSO ET AL V. BLOUNT, INC. ET AL | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Anel Huerta | Not Present | N/A |
| Relief Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:**     (IN CHAMBERS)

## ORDER GRANTING PLAINTIFFS' MOTIONS TO REMAND

### I.     INTRODUCTION

Pending before the Court are two separate motions: (1) Plaintiffs Celio Alonso and Bertha Alonso's (collectively, the "Alonso Plaintiffs") Motion to Remand, (Dkt. No. 12 (hereinafter, "Alonso Mot.")); and, (2) Intervenor-Plaintiff American Zurich Insurance Company's ("Zurich")[1] Motion to Remand, (Dkt. No. 15 (hereinafter, "Zurich Mot.")). After considering the papers filed in support of and in opposition to the instant Motions, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the following reasons, the Court **GRANTS** both Motions.

### II.     FACTUAL BACKGROUND

Plaintiff Celio Alonso ("Alonso") was employed by Penhall Company ("Penhall"), a concrete business that offers services such as concrete cutting, core drilling, and ground-penetrating radar scanning. (Alonso Mot. at 1.) Penhall's employees use various tools, including wall saws. (*Id.*) While at work on or about March 17, 2014, Alonso was standing near a Pentruder 8-20HF wall saw when it allegedly malfunctioned, causing him serious injuries.[2] (FAC ¶ 19.) After the accident, Alonso requested workers'

---

[1] The Court will refer to the Alonso Plaintiffs and Zurich collectively as "Plaintiffs."

[2] The Alonso Plaintiffs' First Amended Complaint alleges that Alonso was standing near the wall saw when it malfunctioned. (Dkt. No. 1-2 (hereinafter, "FAC") ¶ 19.) However, the Alonso Plaintiffs'

Case 2:16-cv-03986-BRO-GJS Document 21 Filed 08/10/16 Page 2 of 7 Page ID #:219

LINK: [12][15]

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-03986 BRO (VBKx) | Date | August 10, 2016 |
|---|---|---|---|
| Title | CELIO ALONSO ET AL V. BLOUNT, INC. ET AL | | |

compensation benefits from Penhall. (Dkt. No. 1-3 (hereinafter, "Zurich Compl.") ¶ 4.) At the time, Zurich was Penhall's workers' compensation insurance provider. (Zurich Compl. ¶ 3.) Zurich paid Alonso workers' compensation benefits in accordance with Penhall's policy and anticipates that it will be required to continue paying him benefits. (Zurich Compl. ¶ 4.)

Defendant Tractive AB ("Tractive") "is in the business of designing, manufacturing, constructing, assembling, inspecting, and selling various concrete cutting machines, including the Pentruder 8-20HF." (Alonso Mot. at 1.) Defendants Blount, Inc. ("Blount"), Pentruder, Inc. ("Pentruder"), and Blount International, Inc. ("Blount International"),[3] are all "in the business of assembling, inspecting, maintaining, installing, distributing, wholesaling, and selling the Pentruder 8-20HF." (Alonso Mot. at 1–2.) Plaintiffs contend that Defendant Tractive designed and manufactured the Pentruder 8-20HF wall saw involved in Alonso's accident. (FAC ¶¶ 11, 18, 27.) Defendants Blount, Pentruder, and Blount International allegedly distributed and sold Penhall the wall saw. (FAC ¶ 27; Alonso Mot. at 2.)

Plaintiffs aver that the wall saw was defective and unsafe for its intended use and that Defendants failed to provide adequate warnings to those who used and purchased the wall saw. (FAC ¶¶ 18, 29, 30, 38, 39, 41.) Accordingly, the Alonso Plaintiffs seek damages, (FAC at 9), and Zurich seeks reimbursement for the workers' compensation benefits paid to Alonso, (Zurich Compl. ¶ 4).

### III. PROCEDURAL BACKGROUND

Alonso filed his Original Complaint against Defendants on March 15, 2016, in the Superior Court of California, County of Los Angeles. (Dkt. No. 1-1.) On March 16, 2016, the Alonso Plaintiffs filed a First Amended Complaint ("FAC") against the same

---

Motion asserts that Alonso was working with the wall saw when the malfunction occurred. (Alonso Mot. at 2.) Zurich's Motion alleges that the wall saw came off of its track and sliced into Alonso's abdomen. (Zurich Mot. at 2.) Given these differing accounts, the circumstances surrounding Alonso's injuries remain unclear. However, these varying descriptions do not affect the Court's analysis.

[3] The Court will refer to Defendants Tractive, Blount, Pentruder, and Blount International collectively as "Defendants."

Case 2:16-cv-03986-BRO-GJS Document 21 Filed 08/10/16 Page 3 of 7 Page ID #:220

LINK: [12][15]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-03986 BRO (VBKx) | Date | August 10, 2016 |
|---|---|---|---|
| Title | CELIO ALONSO ET AL V. BLOUNT, INC. ET AL | | |

Defendants, alleging: (1) strict product liability in tort; (2) negligence; (3) failure to warn; and, (4) loss of consortium. (*See* FAC.) On May 9, 2016, Zurich filed a Complaint-in-Intervention in the Superior Court of California, County of Los Angeles, seeking reimbursement of all workers' compensation benefits paid to Alonso pursuant to California's subrogation provision, California Labor Code section 3852. (*See* Zurich Compl.) On June 6, 2016, Defendants Blount and Blount International filed their Answers.[4] (Dkt. No. 3.)

On June 6, 2016, Defendants timely removed this action, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. (*See* Dkt. No. 1.) On July 5, 2016, the Alonso Plaintiffs and Zurich filed the instant Motions to Remand. (*See* Alonso Mot.; Zurich Mot.) On July 22, 2016, Defendants timely opposed both Motions. (Dkt. Nos. 17 (hereinafter, "Opp'n to Zurich Mot."), 18.) On July 28, 2016, Zurich timely replied, (Dkt. No. 19), and on August 1, 2016, the Alonso Plaintiffs timely replied, (Dkt. No. 20).

## IV. LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction which is authorized by either the Constitution or federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

Under 28 U.S.C. § 1441(a), a civil action may be removed to federal court only if the action could have been brought there originally. This means that removal is proper only if the district court has original jurisdiction over the issues alleged in the state court complaint. The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction[.]" *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). If a district court finds, at any time, that it lacks original jurisdiction, the court must remand the action. *See* 28 U.S.C. § 1447(c). Moreover, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980

---

[4] Defendants Tractive and Pentruder have not yet appeared in this action.

Case 2:16-cv-03986-BRO-GJS Document 21 Filed 08/10/16 Page 4 of 7 Page ID #:221

LINK: [12][15]

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-03986 BRO (VBKx)** | Date | August 10, 2016 |
|---|---|---|---|
| Title | **CELIO ALONSO ET AL V. BLOUNT, INC. ET AL** | | |

F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1988)). This presumption against removal "means that the defendant always has the burden of establishing that removal is proper." *Id.* (citations omitted). "[T]he court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

## V. DISCUSSION

Here, Plaintiffs do not dispute that the parties are diverse and the amount in controversy exceeds the jurisdictional minimum under 28 U.S.C. § 1332; instead, Plaintiffs contend that removal is improper under 28 U.S.C. § 1445(c) because Zurich's claim arises under state workers' compensation law. (Alonso Mot. at 1; Zurich Mot. at 1.) After reviewing the relevant authority, and keeping in mind that Defendants bear the burden of establishing proper removal, the Court finds that removal of this action is improper.

Under 28 U.S.C. 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Neither Congress nor the Ninth Circuit has defined "arising under" in the § 1445(c) context. However, "all courts to have addressed the issue agree that 'arising under' in § 1445 means the same thing as it does in 28 U.S.C. § 1331—the statute explicating federal-question jurisdiction." *Ramirez v. Saia Inc.*, No. 2:14-cv-04590-ODW(JCx), 2014 WL 3928416, at *2 (C.D. Cal. Aug. 12, 2014); *accord Snelling Emp't, LLC v. Cousins Packaging Inc.*, No. 14–cv–05018–RMW, 2015 WL 328402, at *1 (N.D. Cal. Jan. 23, 2015) ("[A]ll courts to have addressed the issue agree that 'arising under' in § 1445 has the same meaning as it does in 28 U.S.C. § 1331."); *Thomas v. US Foods, Inc.*, No. 8:12–cv–1221–JST (JEMx), 2012 WL 5634847, at *2 (C.D. Cal. Nov. 14, 2012) ("For the purposes of § 1445(c), the term 'arising under' has the same meaning as 'arising under' in the context of federal question jurisdiction, 28 U.S.C. § 1331.").

Under § 1331, a civil action arises under federal law in two situations: (1) "when federal law creates the cause of action asserted"; and, (2) when a federal issue is necessarily raised, actually disputed, substantial, and capable of resolution in federal

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-03986 BRO (VBKx) | Date | August 10, 2016 |
|---|---|---|---|
| Title | CELIO ALONSO ET AL V. BLOUNT, INC. ET AL | | |

court without disrupting the federal-state balance.[5] *See Gunn v. Minton*, 133 S. Ct. 1059, 1064–65 (2013). Thus, the inquiry becomes whether (1) California workers' compensation law "creates the cause of action asserted," or, (2) whether the workers' compensation issue is actually disputed, substantial, and capable of resolution without disrupting the balance between California and federal courts. S*ee S.F. Bay Area Rapid Transit Dist. v. Gen. Reinsurance Corp.*, No. 14-cv-01866-JSC, 2014 WL 2960015, at *2–*3 (N.D. Cal. June 30, 2014) (applying the *Gunn* test to the 28 U.S.C. § 1445(c) analysis); *Island Ins. Co. v. Zimmer, Inc.*, No. 15-00033 JMS-RLP, 2015 WL 798962, at *3 (D. Haw. Feb. 26, 2015) (same). There is "a general policy of strictly limiting diversity jurisdiction in cases involving state worker's compensation law; for this reason, courts have generally read [§ 1445] quite broadly." *Zurich Am. Ins. Co.*, 242 F. Supp. 2d at 739. Here, the Court finds the first test is implicated; Zurich's cause of action is created by, and therefore "arises under," state workers' compensation law.

Plaintiffs aver that because Zurich's subrogation claim is based on California Labor Code section 3852, this case arises under state workers' compensation law within the meaning of 28 U.S.C § 1445(c).[6] (Alonso Mot. at 6; Zurich Mot. at 1.) Defendants, however, assert that Zurich's subrogation claim is only incidental to the Alonso Plaintiffs' claim and that the claim actually involves only a determination of liability and

---

[5] While the Court follows the test articulated in *Gunn*, 133 S. Ct. at 1064, the parties frame the test for determining whether a case arises under federal law in accordance with the Ninth Circuit's ruling in *Virgin v. County of San Luis Obispo*, 201 F.3d 1141 (9th Cir. 2000). (Alonso Mot. at 4; Opp'n to Zurich Mot. at 7.) However, the tests articulated in *Gunn* and *Virgin* do not conflict nor do they change the outcome of the Court's analysis. *Compare Gunn*, 133 S. Ct. at 1064 *with Virgin*, 201 F.3d at 1142–43 ("A claim arises under federal law . . . if it is apparent from the face of the complaint either that (1) a federal law creates the plaintiff's cause of action; or (2) if a state law creates the cause of action, a federal law that creates a cause of action is a necessary element of the plaintiff's claim."); *see also Snelling*, 2012 WL 328402, at *2 (explaining that *Gunn* confirms that the analysis in *Virgin* is correct). Moreover, the test articulated in *Gunn* only differs from *Virgin* with respect to the second prong of the "arising under" test. As the Court relies on the first test, any difference between the second tests will not affect the Court's analysis.

[6] California Labor Code section 3852 is part of Division 4 of the Labor Code, entitled Workers' Compensation and Insurance. Therefore, the Court considers section 3852 to be a workers' compensation law. *See Zurich Am. Ins. Co.*, 242 F. Supp. 2d at 737–38 ("Section 3852 is explicitly codified as part of the state's worker's compensation laws . . . .").

Case 2:16-cv-03986-BRO-GJS Document 21 Filed 08/10/16 Page 6 of 7 Page ID #:223

LINK: [12][15]

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-03986 BRO (VBKx) | Date | August 10, 2016 |
|---|---|---|---|
| Title | CELIO ALONSO ET AL V. BLOUNT, INC. ET AL | | |

damages for negligence and products liability independent of workers' compensation law. (Opp'n to Zurich Mot. at 1.) The Court agrees with Plaintiffs.

"Under California law, a cause of action for subrogation is available only where the legislature expressly provides that right." *Zurich Am. Ins. Co. v. Gen. Motors Corp.*, 242 F. Supp. 2d 736, 738 n.3 (E.D. Cal. 2003). California Labor Code section 3852 provides, in relevant part, that "[a]ny employer who pays, or becomes obligated to pay compensation, or who pays, or becomes obligated to pay salary in lieu of compensation . . . may likewise make a claim or bring an action against the third person." Cal. Lab. Code § 3852. Although section 3852 refers to "employers," an employer's insurance carrier may also assert a claim for subrogation. *See* Cal. Lab. Code § 3850(b); *see also Plut v. Fireman's Fund Ins. Co.*, 85 Cal. App. 4th 98, 104 (Cal. Ct. App. 2000) ("Where a subrogation provision exists, an insurer may recoup its payments directly from the tortfeasor or from the proceeds of the insured's action against a tortfeasor.") (internal quotation marks omitted)). Thus, though the Alonso Plaintiffs' product liability-based causes of action do not arise under workers' compensation laws, Zurich's ability to bring its subrogation action depends entirely on California Labor Code section 3852—a California workers' compensation law. Without this statutorily-created right, Zurich would have no vehicle to bring its subrogation claim. *See Snelling*, 2015 WL 328402, at *1 ("Labor Code § 3852 creates plaintiff's cause of action, and is part of California's workers' compensation law. . . . Therefore, plaintiff's cause of action arises under workers' compensation law and is not removeable."). Accordingly, the Court holds that Zurich's cause of action arises under state workers' compensation law.[7]

"An intervener becomes an actual party to the suit by virtue of the order authorizing him to intervene." *W. Heritage Ins. Co. v. Superior Court*, 199 Cal. App. 4th 1196, 1206 (Cal. Ct. App. 2011) (internal quotation marks omitted). Zurich lawfully intervened, which makes it an actual party to this litigation.[8] "It is axiomatic that a court

---

[7] Further, though the Court believes Zurich's subrogation claim clearly arises under California's workers' compensation law, to the extent it is unclear, the Court must favor remand. *See Hunter*, 582 F.3d at 1042 (citing *Gaus*, 980 F.2d at 566).

[8] Defendants argue that Zurich is a "dispensable party" because its right to subrogation exists independent of this litigation, and it could have instead proceeded by filing a lien against any judgment the Alonso Plaintiffs ultimately obtain. (Opp'n to Zurich Mot. at 5–6); *see* Cal. Lab. Code § 3856(b). Section 3852 explicitly grants an employer (or insurance company) with a right to subrogation the

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-03986 BRO (VBKx) | Date | August 10, 2016 |
|---|---|---|---|
| Title | CELIO ALONSO ET AL V. BLOUNT, INC. ET AL | | |

must have subject matter jurisdiction over all parties' claims in order to adjudicate the case or controversy." *City and County of San Francisco v. ExxonMobil Oil Corp.*, No. C 08-03490 MHP, 2009 WL 1189594, at *3 (N.D. Cal. May 4, 2009). Since the Court does not have subject matter jurisdiction over Zurich's subrogation claims, the Court cannot properly adjudicate this action. Accordingly, remand is warranted.

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs' Motions are **GRANTED**. Accordingly, the Court **REMANDS** this case to the California Superior Court, County of Los Angeles for further proceedings.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| | Initials of Preparer | ah |

---

ability to "recover *in the same suit*" against a liable third party the amount it has expended on behalf of the harmed plaintiff. Cal. Lab. Code § 3852 (emphasis added); *see also Carden v. Otto*, 37 Cal. App. 3d 887, 891 (Cal. Ct. App. 1974) (explaining that a party with subrogation rights under California Labor Code section 3850 *et seq.* may choose to (1) bring an action directly against a third party, (2) intervene in plaintiff's action, or, (3) claim a lien on recovery). So while it is true Zurich could have instead chosen to file a lien, by choosing to intervene in the action it is now an "actual party to the suit" and cannot be considered a dispensable party. *See W. Heritage Ins. Co.*, 199 Cal. App. 4th at 1206.